**UNITED STATES of America, Plaintiff-Appellee,**

and

**Alamo Land and Cattle Co., Inc., Defendant-Appellee,**

v.

**2,562.92 ACRES OF LAND, MORE OR LESS, situate IN YUMA AND MOHAVE COUNTIES, STATE OF ARIZONA, Defendant-Appellant.**

**No. 72-2628.**

United States Court of Appeals, Ninth Circuit.

March 28, 1974.

Peter C. Gulatto, Asst. Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for defendant-appellant.

James M. Videan, Phoenix, Ariz. (argued), William C. Smitherman, U. S. Atty., Kent Frizzell, Asst. U. S. Atty., Lands & Natural Resources Div., U. S. Dept. of Justice, Washington, D. C., J. Gordon Cook, of Renaud, Cook, Miller & Cordova, Phoenix, Ariz., for plaintiff-appellee.

## OPINION

Before DUNIWAY and WALLACE, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge:

This is an appeal by the State of Arizona from a judgment in a condemnation proceeding awarding the Alamo Land and Cattle Co., Inc. monetary damages for its leasehold interests. We reverse.

The United States filed a condemnation action in the district court. Included in the property sought to be condemned were two parcels designated as tracts 304 and 305.

Those tracts are a part of the grant to the State of Arizona by the United States under the New Mexico-Arizona Enabling Act (Act of June 20, 1910, 36 U.S.Stat. 557, as amended June 2, 1951, 65 Stat. 50.) The lands were granted for the support of public schools and are subject to the restrictions set forth in § 28 of the Act, A.R.S.

Prior to the condemnation action the tracts had been leased by Arizona to Alamo under a ten year grazing lease.

After the filing of the action, Arizona and Alamo stipulated with the United States that the full just compensation for the taking of the two tracts, together with all improvements thereon, was the sum of $118,620.

Thereafter a distribution hearing was held by the district court. At that hearing the only parties who appeared claiming an interest in the award were Arizona and Alamo. Alamo claimed a compensable leasehold interest in the land as well as a compensable interest in the improvements. Arizona conceded that Alamo was entitled to receive the value of the improvements which Alamo had constructed on the property but claimed that Alamo had no right to participate in the award for any land value.

After the hearing, the district court awarded Arizona the sum of $57,970 for its fee interest in the property and awarded to Alamo the sums of $3,600 for its improvements and $57,050 for its present leasehold interest as well as reasonably prospective future leasehold interest. We hold that Alamo is entitled only to the value of its improvements.

The Enabling Act and Section 28 are described and interpreted in Lassen v. Arizona Highway Dept., 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967). As stated therein "the Act described with particularity the disposition Arizona may make of the lands and of the funds derived from them. . . ." Furthermore, "the Act imposes two sanctions upon transactions which fail to satisfy its requirements. First, § 28 provides broadly that trust lands must be 'disposed of in whole or in part only in manner as herein provided . . .' It adds that 'Disposition of any of said lands . . . in any manner contrary to the provisions of this Act, shall be deemed a breach of trust.' Finally, it provides that 'Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or conferred . . . not made in substantive con-

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

formity with the provisions of this Act shall be null and void' . . . ." 385 U.S. 462, 87 S.Ct. 586.

Arizona accepted the lands pursuant to Article X of its Constitution, A.R.S. Section 1 of that article provides that all lands transferred pursuant to the Enabling Act "shall be by the State accepted and held in trust to be disposed of in whole or in part, only in the manner as in said Enabling Act . . . provided . . . ."

The State of Arizona has argued that Alamo is not entitled to any compensation except for its improvements by reason of the following:

1. The lease specifically provided that:

   a. It was made subject to the laws of Arizona.

   b. In the event the State relinquished the property to the United States, then the lease shall be null and void as it may pertain to the land so relinquished.

   c. No provision of the lease shall create any vested right in the lessee.

2. Sections 37–242 and 37–293 of the Arizona Revised Statutes restrict a lessee's participation in the proceeds of a sale of public land to the value of improvements.

We do not find it necessary, however, to determine the rights of Alamo based upon these lease provisions or the state law.

Section 28 of the Enabling Act provides in part: "Nothing herein contained shall prevent . . . (4) the Legislature of the State of Arizona from providing by proper laws for the protection of lessees of said lands, whereby such lessees shall be protected in their rights to their improvements (including water rights) in such manner that in case of lease or sale of said lands to other parties the former lessee shall be paid by the succeeding lessee or purchaser the value of such improvements and rights placed thereon by such lessee." That provision and other provisions of Section 28 which provide (1) the lands shall be held in trust (2) can be dis-

posed of only as set forth in the Act (3) the money proceeds shall be held in trust (4) no mortgage or encumbrance shall be valid in favor of any person, for any purpose, or any circumstance whatsoever and (5) no lands shall be sold for less than their appraised value, require this court to hold that the district court was in error in awarding Alamo a part of the appraised value of the land.

This holding is specifically required by *Lassen* where the Court stated "[t]he Enabling Act unequivocally demands both that *the trust receive the full value of any lands transferred from it,* and that any funds received be employed only for the purposes for which the land was given. . . . [I]t requires that before trust lands . . . are offered for sale they must be 'appraised at their true value' and . . . 'no sale or other disposal . . . shall be made for a consideration less than the value so ascertained. . . .' " 385 U.S. 466, 467, 87 S.Ct. 588, 589. (Emphasis added.)

The Court then states "All these restrictions [in the Enabling Act] in combination indicate Congress' concern both that the grants provide the most substantial support possible to the beneficiaries and that only those beneficiaries profit from the trust." 385 U.S. 467, 87 S.Ct. 945.

The Fifth Amendment provides that private property may not be taken for a public use without just compensation. See United States v. Fuller, 409 U.S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973). That provision would guarantee to Alamo the right to compensation if they had obtained from Arizona a property right superior to or equal to the trust. However, under the Enabling Act, Arizona, as trustee, had no power to grant a compensable property right to Alamo. Alamo therefore never acquired a property right for which it is entitled to compensation.

Alamo contends that Nebraska v. United States, 164 F.2d 866 (8th Cir. 1947) requires that school trust lands must be treated as any other private property and compensation for such

lands taken by condemnation must be allocated or apportioned between the state and its lessee on the basis of their relative values. The court in that case held that the apportionment of the fair market value of lands which had been granted to Nebraska by its Enabling Act "for the support of common schools" must be the general federal rule of compensation for condemnation. Under that rule, the cash award must be allocated or apportioned among the respective estates or interests on the basis of their relative values.

Nebraska v. United States, however, is not applicable here by reason of Section 28 of the Arizona Enabling Act as interpreted in *Lassen.* Furthermore, the Nebraska Enabling Act does not contain the express restrictions which are incorporated in the Arizona Act. United States v. 78.61 Acres of Land, 265 F. Supp. 564 (D.C.Neb.1967). Therefore Nebraska v. United States, *supra,* clearly is distinguishable.

The judgment of the district court awarding compensation to Alamo for its leasehold interests in the land is reversed, and the cause is remanded to the district court to enter a judgment in accordance with the provisions of this opinion.